CAREY PRINTING CO. v. TOILETTES FASHION CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

TRIAL (§ 105*)—PROOF NOT WITHIN ISSUES—WAIVER OF OBJECTION.

Though the complaint merely stated a cause of action for breach of a contract whereby defendant was to have its printing done by plaintiff, and did not plead that plaintiff had performed any work for which it was entitled to compensation in addition to its damages for not being permitted to complete its contract, yet plaintiff having proved, without objection, that it did print and deliver certain matter under the contract, defendant could not object to proof that this was not paid; the objection that the proof was not within the issues having been waived.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 105.*]

Appeal from Trial Term, New York County.

Action by the Carey Printing Company against the Toilettes Fashion Company. From a judgment entered on dismissal of the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Kellogg & Rose, for appellant.
Henry A. Powell, for respondent.

HOUGHTON, J. The defendant entered into a contract with the plaintiff for the printing of certain monthly editions, for one year, of a magazine known as "Junior Toilettes" at a stipulated price per thousand. Plaintiff claims that the contract was broken, and brought action therefor.

The complaint states a cause of action for breach of contract only; and does not plead that the plaintiff performed any specific work for which it was entitled to compensation in addition to its damages for the failure of the defendant to permit it to complete its contract. On the trial, however, without objection on the part of the defendant, the plaintiff was permitted to prove that it did in fact print and deliver to the defendants the editions of February, March, and April, amounting to 35,000 or 40,000 copies in each month. In addition to the permitting of plaintiff to make this proof without objection, the defendant expressly conceded that the edition for the month of February was printed by the plaintiff and delivered to the defendant. When, however, the plaintiff sought to prove that payment for these months had not been made, the defendant objected that the proof was not within the pleading, and the learned trial court sustained the objection. No further proof with respect to the general breach of the contract was offered, and the plaintiff's complaint was dismissed.

We are of the opinion that the defendant, having permitted the plaintiff to introduce without objection the substantive proof with respect to the performance of a part of its contract and that it had earned something thereunder, was not in position to object to the completion of that proof by showing nonpayment on the ground that the complaint did not allege the performance of any work and nonpayment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therefor. Unless a defendant upon the trial makes timely objection that the proof offered is not within the issue, he waives his right to say that the plaintiff should not recover because he has not properly pleaded. Having entered upon the trial, if the parties see fit, they can frame their issues as they like, irrespective of the pleadings. If they make no timely objection that the proof offered is not within the issues of the pleadings, they are deemed to frame them differently and according to the proof. In our view, such was the situation in the present case. At least as to the month of February, according to the concession of the defendant, the plaintiff had printed the edition of the magazine and delivered it to the defendant, and presumptively it was entitled to some compensation therefor.

It was, therefore, error to dismiss the complaint, and the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; McLAUGHLIN, J., in result.